[Civ. No. 8492. First Appellate District, Division Two.—October 13, 1932.]

LAWRENCE H. TONNER, Appellant, v. SPEARS-WELLS MACHINERY COMPANY, INC. (a Corporation), et al., Respondents.

Kilpatrick & Goodman for Appellant.

Raymond Salisbury for Respondents.

SPENCE, J.—Plaintiff sought damages for personal injuries alleged to have been caused by the negligence of defendants. The cause was tried by a jury and from a judgment in favor of defendants, plaintiff appeals.

Plaintiff claimed to have sustained his injuries when the motorcycle upon which he was riding upon a city street, at a speed of about eight miles per hour, skidded on some oil which had drained out of a road oiler operated by defendants.

The only assignment of error is that the trial court erred in giving a certain instruction to the jury. It appears, however, that the trial court subsequently withdrew the instruction when the jury returned and requested further instructions on the subject of contributory negligence. The trial court then gave the jury further instructions thoroughly covering this subject and continued as follows:

"In addition to that I gave an instruction which I myself had marked, and about which I was in doubt, and I am satisfied that I did not intend to read the instruction, but I did read it, and at this time I withdraw that instruction from the consideration of the jury, because I am rather inclined to think that that infringes upon the province of the jury, and that instruction was this:

"If you find from the evidence that the plaintiff was riding his motorcycle at such a rate of speed that he could have observed the oil upon the street and could have stopped his motorcycle before coming in contact with the oil, and that he failed to do so, then the plaintiff was negligent and he cannot recover.

"That instruction is withdrawn from the consideration of the jury, because I have become satisfied after considering it—I had a doubt, because I marked a question mark on it that in that instruction the Court was entrenching

upon the province of the jury as to what really amounts as to a matter of fact, so I withdraw that instruction entirely from the consideration of the jury, and you are to consider these instructions as I have heretofore read, and they are the only instructions you are to consider on the question of contributory negligence. I think I have covered everything, but as I say I was in doubt, there was a doubt in my mind about that instruction that I read, and I am withdrawing that entirely from the consideration of the jury, that is the instruction that I have just read to you.''

Assuming, without deciding, that the challenged instruction was erroneous, any error in the giving of said instruction was cured by its subsequent withdrawal from the consideration of the jury. Counsel for appellants concedes that error in the giving of an instruction may be so cured, but contends that ''the instruction here complained of was not properly withdrawn''. We find no merit in this contention. The trial court was at pains to tell the jury not only once but four times that said instruction was withdrawn from their consideration. In our opinion it was entirely unnecessary for the trial court in withdrawing said instruction to tell the jury that the instruction as originally given was not a correct statement of the law.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.